UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| OUYEINC LTD., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:20-cv-03488 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| | ) | |
| 1 BAAAAI, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Ouyeinc Ltd. ("Ouyeinc") filed a three-count Complaint against defendants gegecompany, Luckyshops, and Noforget (collectively, "Defendants"), for trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114, et seq. (Count I), for false designation of origin under Section 43 of the Lanham Act, 15 U.S.C. § 1125, et seq. (Count II), and for deceptive trade practices under the Illinois Uniform Deceptive Trade Practices Act ("IUDTPA"), 815 ILCS § 510/1, et seq. (Count III). Before the Court is Defendants' motion to dismiss the Complaint in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6). For the following reasons, the Court denies Defendants' motion [67].

## BACKGROUND

Ouyeinc is a Colorado corporation that makes and sells Pro-Wax100 wax warmers within the United States, including in Illinois. Ouyeinc owns United States trademarks for its wax warmer products, including U.S. trademarks No. 6,033,871, 6,033,730, and 6,033,750 (collectively the "Pro-Wax100 Marks"). Pro-Wax100 products are distributed exclusively through Ouyeinc's online storefronts on Amazon.

Ouyeinc alleges, on information and belief, that Defendants reside in the People's Republic of China or other foreign jurisdictions. Ouyeinc alleges that Defendants are businesses that use fully

interactive commercial websites and online marketplaces to conduct business throughout the United States, including within Illinois. Ouyeinc further asserts, on information and belief, the Defendants have created and continue to create numerous Wish.com stores and design them to appear as if they are selling genuine Pro-Wax100 products. Ouyeinc contends that Defendants are "committing tortious acts in Illinois, [] engaging in interstate commerce, and [have] wrongfully caused substantial injury in the State of Illinois." (Compl. at ¶ 3). Ouyeinc alleges that each Defendant "targets the United States and has offered to sell and/or has sold and/or continues to sell counterfeit and infringing products to consumers within the United States, including Illinois[.]" (*Id.* at ¶ 5).

Ouyeinc brings this action against Defendants alleging trademark infringement and counterfeiting, false designation of origin, and deceptive trade practices. Defendants now move to dismiss the complaint and assert three bases for dismissal: (1) the Court lacks subject matter jurisdiction, or in the alternative, (2) Ouyeinc fails to state a claim; and (3) the Court lacks personal jurisdiction over Defendants.

## LEGAL STANDARD

A Rule 12(b)(1) motion challenges federal jurisdiction, and the party invoking jurisdiction bears the burden of establishing the elements necessary for subject matter jurisdiction, including standing. *International Union of Operating Eng'rs v. Daley*, 983 F.3d 287, 294 (7th Cir. 2020); *Taylor v. McCament,* 875 F.3d 849, 853 (7th Cir. 2017). Under Rule 12(b)(1), the Court accepts all well-pleaded factual allegations as true and construes all reasonable inferences in the plaintiff's favor. *Bultasa Buddhist Temple of Chicago v. Nielsen*, 878 F.3d 570, 573 (7th Cir. 2017).

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551

U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam). To survive a motion to dismiss, plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

A motion to dismiss under Rule 12(b)(2) tests whether a federal court has personal jurisdiction over a defendant. *Curry v. Revolution Labs., LLC*, 949 F.3d 385, 392 (7th Cir. 2020). The plaintiff bears the burden of establishing personal jurisdiction where personal jurisdiction is raised on a motion to dismiss. *Felland v. Clifton,* 682 F.3d 665, 672 (7th Cir. 2012). When the Court rules on the motion without a hearing, the plaintiff must make prima facie showing of jurisdictional facts. *Id.* Jurisdictional allegations pleaded in the complaint are accepted as true unless proved otherwise by affidavits or exhibits. *See Purdue Research Found. v. Sanofi–Sythelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). If there is a factual conflict between the record and defendant's averments, courts resolve the conflict in plaintiff's favor. *See Curry*, 949 F.3d at 393.

## DISCUSSION

*Subject Matter Jurisdiction*

Defendants argue that Counts I and II should be dismissed because these allegations are beyond the reach of the Lanham Act, and thus no subject matter jurisdiction exists. The Court disagrees. This case is not one in which the Court must determine whether the Lanham Act confers subject matter jurisdiction over extraterritorial conduct because Ouyeinc alleges that each Defendant's infringing conduct occurred within the United States rather than extraterritorially. *Cf. Steele v. Bulova Watch Co.*, 344 U.S. 280, 73 S. Ct. 252, 97 L. Ed. 319 (1952). Thus, the Court

3

N/A
N/A

concludes that the matter falls within the ambit of the Lanham Act because the allegedly infringing conduct are not extraterritorial.[1]

In a footnote, Defendants also argue that Ouyeinc's claim for false designation of origin should be dismissed because "the Complaint fails to allege that any consumers knew of any Defendant's alleged misrepresentations, let alone that anyone relied on them[.]" (Defs.' Mot. To Dismiss at fn. 11). Ouyeinc does not respond to this argument. Because Defendant raises this argument only in a footnote and failed to substantively develop it, it is waived. *Cross v. United States*, 892 F.3d 288, 294 (7th Cir. 2018) (finding that a party waived an issue by raising it only "succinctly in a footnote" in the district court) (internal quotation marks omitted).

Accordingly, Defendants' motion to dismiss pursuant to 12(b)(1) and 12(b)(6) is denied.

*Personal Jurisdiction*

Defendants also move to dismiss Ouyeinc's Complaint against defendants Luckyshops and Noforget arguing that the Court lacks personal jurisdiction over them. Since the Lanham Act does not authorizes nationwide service of process, personal jurisdiction is governed by the law of Illinois. *See Ariel Invs., LLC v. Ariel Cap. Advisors LLC*, 881 F.3d 520, 521 (7th Cir. 2018) ("The Lanham Act does not authorize nationwide service of process. A plaintiff therefore must secure personal jurisdiction under state law."); *see also* Fed.R.Civ.P. 4(k)(1)(A). Illinois's long-arm statute "permits its courts to exercise personal jurisdiction on any basis permitted by the constitutions of both Illinois and the United States." *Id.*; *see* 735 ILCS 5/2-209(c). Thus, the state and federal inquiries merge. *Tamburo v. Dworkin*, 601 F.3d 693, 701 (7th Cir. 2010). "[T]he key issue for constitutional purposes is whether the defendant has sufficient minimum contacts with the forum state such that the

---

[1] The Court also denies Defendants' motion to dismiss Count III as Defendants merely argue that Count III should be dismissed because the IUDTPA cannot reach the Defendants extraterritorially.

4

maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* (internal citations omitted).

Personal jurisdiction can be general or specific, depending on the extent of the defendant's contacts with the forum state. *Id.* Ouyeinc seeks to establish specific jurisdiction over Defendants. Specific jurisdiction exists where "(1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities." *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 492 (7th Cir. 2014) (internal citation omitted).

Here, Ouyeinc argues that specific personal jurisdiction is proper over defendants Luckyshops and Noforget because the Illinois long-arm statute "provides that torts committed in Illinois by a defendant authorize the exercise of specific jurisdiction over that defendant." (Pl.'s Resp. at 6) (citing 735 ILCS § 5/2-209(a)(2)). Thus, according to Ouyeinc, the Court has personal jurisdiction because "Defendants' offers of sale for counterfeit Pro-Wax100 Products on its Wish.com Internet stores constitute tortious activities committed in Illinois." (*Id.*). The Court agrees that Defendants' alleged conduct constitute a tort. *See Monster Energy Co. v. Wensheng*, 136 F. Supp. 3d 897, 904 (N.D. Ill. 2015) ("[A]n offer to sell an infringing or counterfeit item, even without any other activity, establishes liability for trademark infringement and counterfeiting.") (internal citation omitted). However, Ouyeinc points to investigations and screenshots, which predate the date of Ouyeinc's trademark registrations, as proof that Defendants offered to sell their allegedly infringing products to consumers in Illinois. Defendants assert that they have "established that since long before April 14, 2020, the date all the "PRO-WAX100" trademarks at issue were registered, Luckyshops and Noforget have not sold, marketed, advertised, or otherwise offered for sale even a single unit of the allegedly infringing product." (Defs.' Reply at 8). In a footnote, Defendants stated that it would "provide a supporting declaration with respect to the jurisdictional facts proffered."

5

(*Id.* at fn. 14). However, Defendants failed to do so. As the record currently stands, it is unclear whether Defendants offered to sell or sold any allegedly infringing products during a time in which Ouyeinc had a protectable mark. Although Ouyeinc's allegations are insufficient to establish jurisdiction, those allegations—coupled with its supporting evidence—do establish a "colorable showing" that the Court might properly exercise personal jurisdiction over defendants Luckyshops and Noforget. For these reasons, the Court finds that limited discover is necessary to ensure the efficient disposition of this matter. Defendants' motion to dismiss for lack of personal jurisdiction is denied without prejudice with leave to refile after jurisdictional discovery.

## CONCLUSION

For the foregoing reasons, the Court denies Defendants' motion to dismiss [67]. The Court orders, *sua sponte*, limited discovery on the issue of personal jurisdiction to be completed within 45 days of this order.

Date: 9/13/2021

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge